Andrew M. Wagley, WSBA #50007
ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 W. Riverside Avenue, Suite 210
Spokane, WA  99201
Phone: (509) 747-9100
Email: awagley@ettermcmahon.com

Stewart D. Cables, *Pro Hac Vice*
HASSAN + CABLES
1035 Pearl Street, Suite 200
Boulder, CO 80302
Phone: (303) 249-9994 Ext. 2
Email: stewart@hassancables.com

*Attorneys for Defendants John Wesley Owens and Fulfillment Solutions & More, LLC*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN WESLEY OWENS, *et al.*,<br><br>Defendants. | No. 2:24-CR-140-TOR<br><br>**MOTION TO REOPEN CASE RE: JOINT MOTION TO DISMISS WITH PREJUDICE**<br><br><u>Without Oral Argument:</u><br>April 3, 2026 at 6:30 pm<br>Spokane, WA |

Defendants John Wesley Owens, Joshua Wesley Owens, Diesel Truck Products, Inc., and Fulfillment Solutions & More, LLC (collectively

Motion to Reopen Case Re: Joint Motion
to Dismiss With Prejudice—Page 1

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

"Defendants"), by and through their respective counsel of record, submit the following Motion to Reopen Case Re: Joint Motion to Dismiss With Prejudice. The purpose of this motion is to facilitate a dismissal with prejudice in this case.

On February 13, 2026, the Government filed the Motion to Dismiss Indictment, requesting dismissal "without prejudice." (ECF No. 212.) On February 18, 2026, Defendants submitted their Joint Motion to Dismiss With Prejudice. (*See* ECF No. 214.) Defendants' Joint Motion to Dismiss With Prejudice is predicated upon Deputy Attorney General Todd Blanche's January 21, 2026 memorandum (the "Blanche Memo"), which ordered federal prosecutors to drop all pending cases and stop pursing criminal charges under the Clean Air Act ("CAA") based on allegations relating to the sale of "defeat devices" that are used to tamper with air pollution control systems in diesel-powered vehicles. (*See id.* at 3.) Importantly, the Motion to Dismiss With Prejudice is joined by all Defendants, and it is unopposed by the Government. (*See id.* at 2.)

The Court entered the Order Dismissing Indictment Without Prejudice on February 18, 2026, five days after the government moved for this relief. (*See* ECF No. 213.) Defense counsel had planned on responding to the government's motion within seven days under LCivR 7(c)(3), but the Court issued its order

Motion to Reopen Case Re: Joint Motion
to Dismiss With Prejudice—Page 2

and closed the case before that deadline. Accordingly, we are filing this motion so that the Court can reopen the case solely for the purpose of granting the unopposed motion to dismiss with prejudice.  As the Government did not oppose the Motion to Dismiss With Prejudice, it should not oppose this Motion to Reopen Case Re: Joint Motion to Dismiss With Prejudice.

Alternatively, the Court could grant the motion to dismiss with prejudice (ECF No. 214) even without reopening the case.  The District Courts of the United States "shall have original jurisdiction . . . of all offenses against the laws of the United States."  18 U.S.C. § 3231.  The District Court retains jurisdiction to consider various types of motions after a case is technically closed.  *See, e.g., United States v. Rubio*, 727 F.2d 786, 799 (9th Cir. 1983) ("We cannot conceive that Congress intended, by failing to provide a criminal counterpart to Fed. R. Civ. P. 60(b), to strip a court of its inherent jurisdiction to vacate or modify an order inadvertently made through mistake in a criminal proceeding."); Fed. R. Crim. P. 33(b)(1) ("Any motion for a new trial grounded on newly discovery evidence must be filed within 3 years after the verdict or finding of guilty."); Fed. R. Crim. P. 35(b)(2) (prosecution may make motion to reduce sentence based upon substantial assistance "more than one year after sentencing" in certain circumstances).

Motion to Reopen Case Re: Joint Motion
to Dismiss With Prejudice—Page 3

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Under Fed. R. Crim. P. 48(a), "a court retains discretion to determine whether a dismissal should be with or without prejudice." *United States v. Adams*, 777 F. Supp. 3d 185, 214 (S.D.N.Y. 2025). Similarly, the Court can consider a motion to dismiss with prejudice after entering an order of dismissal without prejudice. *See, e.g., United States v. Gomez-Martinez*, 2011 WL 2132721, at *1 (S.D. Cal. 2011) (unpublished)[1] (considering defendant's motion to dismiss with prejudice after court granted prosecution's motion to dismiss without prejudice); *United States v. Espedion*, 2026 WL 467091, at *1 (D. Guam 2026) (same).

## CONCLUSION

For the foregoing reasons, we ask the Court to grant the unopposed motion to dismiss with prejudice, either by first granting this motion to reopen or by exercising its inherent jurisdiction to do so.

RESPECTFULLY SUBMITTED this 18th day of March, 2026.

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.

By: /s/ Andrew M. Wagley
Andrew M. Wagley, WSBA #50007
*Attorney for Defendants John*

---

[1] Unpublished and out-of-jurisdiction cases offered for nonbinding, persuasive purposes only.

Motion to Reopen Case Re: Joint Motion
to Dismiss With Prejudice—Page 4

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Wesley Owens and Fulfillment
Solutions & More, LLC

HASSAN + CABLES

By: /s/ Stewart D. Cables
    Stewart D. Cables, *Pro Hac Vice*
    *Attorney for Defendants John*
    *Wesley Owens and Fulfillment*
    *Solutions & More, LLC*

CORR CRONIN LLP

By: /s/ Jeffrey B. Coopersmith
    Jeffrey B. Coopersmith, WSBA #30954
    *Attorney for Defendants John*
    *Wesley Owens and Fulfillment*
    *Solutions & More, LLC*

EPSTEIN BECKER & GREEN PC

By: /s/ Sarah M. Hall
    Sarah M. Hall, *Pro Hac Vice*
    *Attorney for Defendants Joshua*
    *Wesley Owens and Diesel*
    *Truck Products, Inc.*

HORMEL LAW OFFICE

By: /s/ Stepehen R. Hormel
    Stephen R. Hormel, WSBA #18733
    *Attorney for Defendants Joshua*
    *Wesley Owens and Diesel*
    *Truck Products, Inc.*

Motion to Reopen Case Re: Joint Motion
to Dismiss With Prejudice—Page 5

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all of the attorneys that have appeared in this case and have registered with the CM/ECF System.

EXECUTED this 18th day of March, 2026 in Spokane, WA.

By: /s/ Andrew M. Wagley
Andrew M. Wagley

Motion to Reopen Case Re: Joint Motion
to Dismiss With Prejudice—Page 6

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100